**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| TARA LEWANNA ABDULLAH,<br><br>Plaintiff,<br><br>v.<br><br>PENNYMAC LOAN SERVICES, LLC,<br><br>Defendant. | Case No. 1:24-cv-03627-SDG-RGV |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

COMES NOW, PennyMac Loan Services, LLC ("PennyMac"), and files this Memorandum of Law in Support of its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), respectfully showing this Honorable Court as follows:

**PRELIMINARY STATEMENT**

With nothing but inapplicable statutes and legal theories and a prior adverse order against her, Plaintiff Tara Lewanna Abdullah ("Plaintiff") is continuing her quest to set aside a lawfully conducted foreclosure sale of a security deed held by PennyMac. This case follows the Plaintiff's bankruptcy case in which she also challenged the foreclosure sale, but her efforts were rejected.

Here, the Plaintiff repeats the charge from her bankruptcy case that the sale violated the automatic stay, which the bankruptcy court rejected in a final order. She further tries to challenge the sale on the long-rejected theories that PennyMac did

not hold the promissory note at the time of the foreclosure sale and that the sale violated her due process rights. These claims, which are legally baseless and premised on nothing but conclusory allegations, fail and should be dismissed with prejudice.

## STATEMENT OF FACTS

This case concerns the foreclosure sale of the real property located at 911 Moreland Avenue SE, Atlanta, Georgia (the "Property"). *See* [Doc. 1-1] at p. 3, ¶ 2. On February 25, 2022, the Plaintiff obtained a mortgage loan from Cardinal Financial Company in the amount of $379,719.00, and secured repayment of the loan by conveying the Property via security deed to Mortgage Electronic Registration Systems, Inc. ("MERS"), as grantee, as nominee for Cardinal Financial Company, Limited Partnership, its successors and assigns (the "Security Deed"). The Security Deed was recorded on February 28, 2022, in Deed Book 65337, Page 109, Fulton County, Georgia records. A true and correct copy of the Security Deed is attached hereto as **Exhibit "A"**.[1]

On June 28, 2023, MERS assigned the Security Deed to PennyMac (the "Assignment"). The Assignment was recorded on June 28, 2023, in Deed Book

[1] This Court can take judicial notice of public records on a motion to dismiss without converting it to a motion for summary judgment. *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1279-80 (11th Cir. 1999).

66942, Page 92, Fulton County, Georgia records. A true and correct copy of the Assignment is attached hereto as **Exhibit "B"**; *see also* [Doc. 1-1] at p. 9.

The Plaintiff eventually fell behind on her mortgage payments and the Property was sold at a foreclosure sale on February 6, 2024. PennyMac was the high bidder at the foreclosure sale and the Property was conveyed to it via Deed Under Power, recorded on March 8, 2024, in Deed Book 67652, Page 251, Fulton County, Georgia records. A true and correct copy of the Deed Under Power is attached hereto as **Exhibit "C"**; *see also* [Doc. 1-1] at pp. 6-8.

One day before the foreclosure sale, on February 5, 2024, the Plaintiff filed a bankruptcy petition in the name of the "Tara Lewanna Abdullah Bankruptcy Estate", a non-individual. *See In re Abdullah*, No. 24-51300-sms, [Doc. 1] (Bankr. N.D. Ga.). The case was dismissed on February 23, 2024, because of a failure to pay filing fees. *See* [Bk. Doc. 12].[2] A Motion to Reinstate was filed on February 26, 2024. [Bk. Doc. 14]. The Motion to Reinstate was granted on February 28, 2024, *see* [Bk. Doc. 15], and in the order, the bankruptcy court directed the Plaintiff to "[a]mend the Petition to indicate that Debtor is not a trust and is otherwise eligible for relief under the Bankruptcy Code (e.g., an individual or person as defined by 11 U.S.C. § 101(41))."[3]

[2] [Bk. Doc 12] refers to the docket entry in the Plaintiff's bankruptcy case.
[3] PennyMac contends that Fed. R. Bankr. P. 1009 does not permit the identity of the debtor to be changed by amendment. *See In re Waters*, No. 23-59554-pmb, 2023 WL 8587996 (Bankr. N.D. Ga. Dec. 11, 2023). However, that is irrelevant to the determination of this Motion.

*Id.* at p. 2. An Amended Petition was filed on March 6, 2024, amending the Debtor to Tara Lewanna Abdullah, as an individual. *See* [Bk. Doc. 19].

After the Amended Petition was filed, the Plaintiff filed a plethora of motions, as well as an adversary proceeding against PennyMac, contending that the foreclosure sale violated the automatic stay. *See* [Bk. Docs. 28, 29, 31, 32, 38, 39, 41, 42, 43, 53]. PennyMac, in turn, filed a Motion for Relief from Stay, or in the alternative, to annul the stay retroactive to February 5, 2024. *See* [Bk. Doc. 30]. The Bankruptcy Court held a hearing on April 24, 2024, on the Motion for Relief from Stay and all the documents and motions filed by the Plaintiff/Debtor. On April 26, 2024, the Bankruptcy Court entered an Order Denying Debtor's Motions [Bk. Doc. 55] and an Order Modifying the Automatic Stay to allow PennyMac "to proceed with an action to evict and take possession of the Property . . . ." [Bk. Doc. 54] (the "Order Modifying Automatic Stay").

In the Order Modifying Automatic Stay, the Bankruptcy Court expressly determined that "there was no active stay as to the Property at the time of the initial filing [of the bankruptcy petition] on February 5, 2024 and the automatic stay did not go into effect as to the Property until the reinstatement of the case on March 20, 2024 after the petition was amended." *Id.* A true and correct copy of the Order Modifying Automatic Stay is attached hereto as **Exhibit "D"**. Since no stay was in effect, the Bankruptcy Court also denied the Plaintiff's Motion for Sanctions based

on an alleged violation of the automatic stay. A true and correct copy of the Order denying the Plaintiff's Motion for Sanctions is attached hereto as **Exhibit "E"**. The bankruptcy case was recently dismissed on August 6, 2024. [Bk. Doc. 96].

While the bankruptcy case was still pending – but after the Bankruptcy Court ruled there was no automatic stay in place – the Plaintiff filed the instant lawsuit in the Superior Court of Fulton County on July 15, 2024. The Complaint is not a model of clarity, but generally alleges that the foreclosure sale was conducted in violation of the automatic stay and that PennyMac lacked standing to foreclose. However, the Bankruptcy Court has already determined that PennyMac did not violate any stay, and the Plaintiff has failed to state any claim upon which relief can be granted. This case should be dismissed with prejudice.

## ARGUMENT AND CITATION OF AUTHORITY

### A. STANDARD OF REVIEW

This Court may grant a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) if the complaint does not state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). In considering a motion to dismiss, the Court must treat all well-plead allegations of the Complaint

as true. *Id.* However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

## B. THE COURT SHOULD DISMISS PLAINTIFF'S STAY VIOLATION CLAIM BECAUSE SHE IS COLLATERALLY ESTOPPED FROM BRINGING SUCH CLAIM

In the introduction and first paragraphs of the Complaint, the Plaintiff contends that the foreclosure sale violated the automatic stay and that she is entitled to damages under 11 U.S.C. § 362(k).[4] *See* [Doc. 1-1] at pp. 2-3. Plaintiff cannot re-litigate her automatic stay violation claims in this action based on collateral estoppel:

> Collateral estoppel bars re-litigation of a previously decided issue when the parties are the same (or in privity) if the party against whom the issue was decided had a full and fair opportunity to litigate the issue in the earlier proceeding. *Allen v. McCurry*, 449 U.S. 90, 95, 101 S. Ct. 411, 415, 66 L.Ed.2d 308 (1980); *In re St. Laurent*, 991 F.2d 672, 675 (11th Cir.1993). The following elements must be established before collateral estoppel applies: (1) the issue at stake must be identical to the one decided in the prior litigation; (2) the issue must have been actually litigated in the prior proceeding; (3) the prior determination of the issue must have been a critical and necessary part of the judgment in that earlier decision; and (4) the standard of proof in the prior action must

---

[4] 11 U.S.C. § 362 provides for the automatic stay and, if applicable, bars certain actions against debtors such as "any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(5). An individual debtor who is "injured by any willful violation of the automatic stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1).

> have been at least as stringent as the standard of proof in the later case. *St. Laurent*, 991 F.2d at 676; *Citibank v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 n. 6 (11th Cir.1990); *S.E.L. Maduro, Inc. v. M/V Antonio De Gastaneta*, 833 F.2d 1477, 1483 (11th Cir. 1987).

*In re Se. Banking Corp.*, 69 F.3d 1539, 1552 (11th Cir. 1995).

Here, Plaintiff previously litigated the automatic stay issue against PennyMac in the Bankruptcy Court and lost. *See* Exhibit D. Specifically, in the Order Modifying Automatic Stay, the Bankruptcy Court already determined that no stay was in effect on the sale date because Tara Lewanna Abdullah was not the debtor on February 6, 2024, the date of the foreclosure sale. *See id*. Once it was determined that no stay was in effect, the Bankruptcy Court also denied the Plaintiff's Motion for Sanctions based on an alleged violation of the automatic stay. *See* Exhibit E. With these orders, collateral estoppel bars any further litigation of the issue and all elements have been satisfied.

First, the issue decided is identical – whether the foreclosure sale on February 6, 2024 violated the automatic stay. Second, the parties are identical – the Plaintiff and PennyMac. Third, the issue was critical to the determination of both the Motion for Relief from Stay and the Motion for Sanctions, as whether the stay was in effect at the time of the foreclosure sale was a threshold issue. Finally, the standard of proof was the same. To recover sanctions under 11 U.S.C. § 362(k), "the debtor bears the burden of proof by preponderance of the evidence." *In re Franklin*, 614 B.R. 534, 544 (Bankr. M.D.N.C. 2020). As the same relief is being sought in this case,

Plaintiff's burden of proof is the same. Thus, all elements of collateral estoppel are met, and this Court should find that the Plaintiff is estopped from relitigating her claim that the automatic stay was violated, and such claim must be dismissed with prejudice.

**C. THE COURT SHOULD DISMISS PLAINTIFF'S DUE PROCESS CLAIMS BECAUSE DUE PROCESS IS NOT IMPLICATED IN A NON-JUDICIAL FORECLOSURE IN GEORGIA**

Also in the introduction and first paragraphs of the Complaint, the Plaintiff claims that the foreclosure sale violated her Fourth and Fourteenth Amendment rights to due process.[5] *See* [Doc. 1-1] at pp. 2-3. However, the Georgia Supreme Court "has clearly held that there is insufficient state action in the Georgia foreclosure procedure so as to leave it vulnerable to attack on the ground that it is violative of constitutional due process." *Parks v. Bank of New York Mellon*, 614 S.E.2d 63, 64 (Ga. 2005) (citations omitted). As such, the Plaintiff's claim(s) that the foreclosure sale violated her due process rights fail as a matter of law must be dismissed with prejudice.

**D. THE COURT SHOULD DISMISS PLAINTIFF'S PURPORTED CLAIMS BASED ON THE TAX SALE STATUTES BECAUSE THEY FAIL AS A MATTER OF LAW**

[5] In the first paragraph, the Plaintiff erroneously references the Fifteenth Amendment.

Within the first paragraph of the Complaint, the Plaintiff refers to O.C.G.A. § 48-4-46(d). *See* [Doc. 1-1] at pp. 2-3. It is unclear whether the Plaintiff is trying to base any claim on this statute, but in any event, it is inapplicable here. O.C.G.A. § 48-4-46(d) addresses the notice required to interested parties to redeem property following a tax sale, not a non-judicial foreclosure sale. *See* O.C.G.A. § 48-4-46. Further, there is no statutory right of redemption in Georgia following a non-judicial foreclosure sale of a security deed. *See Carter v. Butts Cnty., Ga.*, 110 F. Supp. 3d 1325, 1334 n.2 (M.D. Ga. 2015), *rev'd on other grounds*, 821 F.3d 1310 (11th Cir. 2016). Since O.C.G.A. § 48-4-46 is inapplicable here and Plaintiff does not have any right of redemption, she cannot state any claim on that basis, and any such claim must be dismissed with prejudice.

**E. THE COURT SHOULD DISMISS PLAINTIFF'S CLAIMS CHALLENGING PENNYMAC'S STANDING BECAUSE THEY FAIL AS A MATTER OF LAW**

Next, the Plaintiff alleges that PennyMac "has no lawful right of claims" to the Property because it is not the "holder in due course" of the promissory note underlying the Security Deed. *See* [Doc. 1-1] at p. 3. However, PennyMac did not need to hold the promissory note to foreclose the security deed as a matter of law.

"Under current Georgia law, the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation

underlying the deed." *You v. JP Morgan Chase Bank*, 743 S.E.2d 428, 433 (Ga. 2013). Since the Assignment shows that PennyMac undisputedly held the Security Deed at the time of the foreclosure sale, it is irrelevant whether it also held the promissory note, and any claims based on PennyMac allegedly not holding the note must be dismissed with prejudice.

### F. THE PLAINTIFF'S CLAIM REGARDING CONFIRMATION OF THE FORECLOSURE SALE FAILS BECAUSE THERE IS NO REQUIREMENT TO CONFIRM THE SALE

The Plaintiff next complains that there "has been no valid and or lawful Georgia confirmation of a foreclosure sale as required pursuant to O.C.G.A.§44-14-161 . . . ." [Doc. 1-1] at p. 3. However, that statute only requires a foreclosure sale to be confirmed if a creditor is going to seek a deficiency judgment on the remaining debt following a foreclosure sale. *See Ross v. PNC Bank, N.A.*, No. 1:14-CV-00872-SCJ-GGB, 2014 WL 12600205, at *2 (N.D. Ga. Aug. 15, 2014), *report and recommendation adopted*, 2014 WL 12600202 (N.D. Ga. Sept. 30, 2014). Since this is not a deficiency action brought by PennyMac, the statute is inapplicable and cannot serve as the basis for any valid claim.

### G. THE PLAINTIFF'S CLAIM REGARDING LACK OF A POWER OF ATTORNEY FAILS BECAUSE SHE GRANTED A POWER OF ATTORNEY WHEN SHE SIGNED THE SECURITY DEED

In Paragraph 3 of the Complaint, the Plaintiff alleges that the Deed Under Power violates Georgia law because she never granted PennyMac a power of attorney to execute any deed on her behalf. She further alleges that PennyMac "failed

to demonstrate Good or Valuable consideration at the time of filing in this subject matter as required in the form of a PT 61 pursuant to O.C.G.A. §560-11-3-14 [*sic*] and is in further violation." [Doc. 1-1] at p. 3. These allegations are refuted by documentary evidence that is integral to the Complaint.

To begin with, the Security Deed expressly provides that the Plaintiff granted a power of attorney to PennyMac. Specifically, Paragraph 22 of the Security Deed states that, in the event of a foreclosure, "Borrower hereby appoints Lender Borrower's agent and attorney-in-fact to make such conveyance." *See* Exhibit A. The original Lender assigned its interest to PennyMac (*see* Exhibit B), and therefore it properly acted as the Plaintiff's attorney-in-fact when executing the Deed Under Power. *See Nelson v. PennyMac Loan Servs., LLC*, No. 1:23-CV-5902-VMC-WEJ, 2024 WL 1957344, at *5 (N.D. Ga. Apr. 8, 2024) (dismissing similar claim because assignment of security deed to PennyMac granted it power of attorney on behalf of borrower). As such, Plaintiff's purported claims fail.

Next, PennyMac does not understand the purpose of the remaining allegations regarding the PT-61 form, and the purported statute cited by the Plaintiff (O.C.G.A. §560-11-3-14) is nonexistent. PennyMac believes that the Plaintiff intended to reference a rule of the Georgia Department of Revenue – Ga. Comp. R. & Regs. 560-11-3-.15.

> A PT-61 form is required by the Georgia Department of Revenue if property ownership is being transferred. Georgia's real estate transfer

> tax is an excise tax on transactions involving the sale of real property where title to the property is transferred from the seller to the buyer. Before a deed, security instrument, or other writing can be recorded in the office of the clerk of the superior court, the real estate transfer tax must be paid. Once the tax has been paid, the clerk of the superior court or their deputy will attach to the deed, instrument or other writing a certification that the tax has been paid. See https://dor.georgia.gov/real-estate-transfer-tax (last visited Feb. 8, 2018). Form PT-61 is the real estate transfer tax declaration form that is filed for the purpose of paying the required tax and triggering the name change on the tax rolls of the county. See http://apps.gsccca.org/pt61efiling/faq.asp#30 (last visited Feb. 8, 2018).

*Ghee v. JPMorgan Chase Bank, N.A.*, No. 1:17-CV-03115-ELR-CMS, 2018 WL 1833516, at *3 (N.D. Ga. Feb. 13, 2018), *report and recommendation adopted*, 2018 WL 3698999 (N.D. Ga. July 20, 2018).

The rule – 560-11-3-.15 – merely states that the PT-61 form

> is completed by the seller or the seller's authorized agent and must be submitted in quadruplicate (1 original and 3 copies) to the Clerk of Superior Court before any lands, tenements or other realty transferred can be filed for record or recorded by the Clerk of Superior Court. This form discloses the value of property conveyed or transferred and amount of tax due.

PennyMac is not aware of any authority suggesting that a private cause of action exists for anything related to a PT-61 form. Moreover, the rule provides only that the form is required to record a deed, ***not*** that the failure to provide one impacts the validity of any transfer of property. As such, the Plaintiff has failed to state any claim related to the PT-61 form, and such claim must be dismissed with prejudice.

## H. PLAINTIFF'S PURPORTED CLAIM ALLEGING INSUFFICIENT NOTICE OF THE FORECLOSURE SALE FAILS AS A MATTER OF LAW BECAUSE THE PLAINTIFF HAS PLEADED NO FACTS TO SUPPORT HER CLAIM

Plaintiff alleges that "[foreclosure] notice published was insufficient and lacked the time frame of 4 consecutive weeks prior to the alleged sale." [Doc. 1-1] at p. 3. However, Plaintiff has failed to plead any facts to support her conclusory allegation that notice of the foreclosure sale was somehow improper.

Under Georgia law, a foreclosure sale is advertised "in the usual manner of the sheriff's sales . . . ." O.C.G.A. § 44-14-162(a).

> In all cases where the law requires citations, notices, or advertisements by probate court judges, clerks, sheriffs, county bailiffs, administrators, executors, guardians, trustees, or others to be published in a newspaper for 30 days or for four weeks or once a week for four weeks, it shall be sufficient and legal to publish the same once a week for four weeks, that is, one insertion each week for each of the four weeks, immediately preceding the term or day when the order is to be granted or the sale is to take place. The number of days between the date of the first publication and the term or day when the order is to be granted or the sale is to take place, whether more or less than 30 days, shall not in any manner invalidate or render irregular the notice, citation, advertisement, order, or sale.

O.C.G.A. § 9-13-141.

Here, the Plaintiff failed to plead any facts whatsoever to support her conclusory allegation that the foreclosure notice was somehow deficient. Without any facts, she cannot state a plausible claim for relief under *Twombly* and *Iqbal*, and any claim based on allegedly insufficient notice must be dismissed. *See McElhaney v. Branch Banking & Tr. Co.*, No. 3:14-CV-00025-TCB-RGV, 2014 WL 12489850, at *5 (N.D. Ga. Apr. 25, 2014), *report and recommendation adopted*, 2014 WL 12519793 (N.D. Ga. May 20, 2014) (dismissing claim based on insufficient

foreclosure notice because complaint contained only conclusory allegations); *Laux v. BAC Home Loans Servicing, LP for Bank of New York Mellon*, No. 1:11-CV-547-AT, 2012 WL 13008647, at *1 (N.D. Ga. Jan. 10, 2012) (dismissing claim based on insufficient notice because allegations were "vague and conclusory.").

## I. THE COURT SHOULD DISMISS PLAINTIFF'S PURPORTED THEFT CLAIM BECAUSE THERE IS NOT A PRIVATE CAUSE OF ACTION UNDER THE CRIMINAL STATUTES

In Paragraph 5 of the Complaint, the Plaintiff attempts to allege a cause of action for theft under state and federal criminal statutes. Specifically, she asserts that PennyMac is guilty of committing theft because it "made a false claim and filed false and erroneous documents with the Clerk of the Fulton County Georgia as mentioned with no lawful right of claim . . . ." [Doc. 1-1] at p. 4. This allegedly violates O.C.G.A. §§ 18-8-12, 16-8-2, 16-8-9 and "8 U.S. CODE § 1324 UNDER Section 544 Under Title 15." *Id.* However, there is no private right of action for theft.

Georgia's theft statutes are criminal only and do not provide for a private cause of action. *See Love v. Everbank*, No. 1:14-CV-086-CAP-JCF, 2014 WL 12069857, at *3 (N.D. Ga. Apr. 17, 2014), *report and recommendation adopted*, 2014 WL 12284030 (N.D. Ga. May 8, 2014) (collecting cases). As for the purported federal statutes cited, 15 U.S.C. § 544 does not exist, and 8 U.S.C. § 1324 is not about theft, but is about harboring aliens which is inapplicable. Nevertheless, federal criminal statutes also do not give rise to private causes of action. *Azu v. Instant*

*Checkmate*, No. 1:19-CV-4182-AT, 2021 WL 1850463, at *2 (N.D. Ga. Mar. 31, 2021) (citations omitted).

Even if the Plaintiff had a private cause of action, which PennyMac denies, the claim(s) still fail because she failed to plead facts to support any theft. As shown above, PennyMac had the right under Georgia law to foreclose. Accordingly, Plaintiff has completely failed to state any claim for theft as a matter of law, and the Court should dismiss such claim with prejudice.

### J. THE PLAINTIFF HAS FAILED TO STATE ANY CLAIM THAT THE FORECLOSURE SALE DID NOT OCCUR

In her final "claim," the Plaintiff alleges that "there has been no verifiable sale at a public outcry." [Doc. 1-1] at p. 4. Whatever legal theory the Plaintiff is trying to articulate based on this allegation, which is unclear, she cannot do so armed with only conclusory allegations. Moreover, the recital in the Deed Under Power that PennyMac "offered said property for sale at public outcry", *see* Exhibit C, is "prima facie correct" under Georgia law. *Pennington v. Palmer*, 176 S.E. 697, 698 (Ga. Ct. App. 1934) (recitals in "deed made in execution of a power of sale" are "prima facie correct"). The Plaintiff's conclusory allegations certainly do not give rise to any plausible inference that the recital in the deed is incorrect. As such, the Plaintiff has failed to state any claim based on the allegation that "there has been no verifiable sale at a public outcry." Accordingly, the Court should dismiss claim with prejudice.

## CONCLUSION

Based on the foregoing, PennyMac respectfully requests that this Court grant its Motion to Dismiss and dismiss Plaintiff's Complaint in its entirety with prejudice.

Respectfully submitted, this 23rd day of August, 2024.

*/s/ Bret Chaness*
BRET CHANESS (GA Bar No. 720572)
**RUBIN LUBLIN, LLC**
3145 Avalon Ridge Place, Suite 10
Peachtree Corners, GA 30071
(678) 281-2730 (Telephone)
(470) 508-9203(Facsimile)
bchaness@rlselaw.com

*Attorney for PennyMac Loan Services, LLC*

## L.R. 7.1(D) CERTIFICATION

I certify that this document has been prepared with a font and point selection approved by the Court in Local Rule 5.1(C). Specifically, this document has been prepared using 14-pt Times New Roman Font.

*/s/ Bret Chaness*
BRET CHANESS (GA Bar No. 720572)

## CERTIFICATE OF SERVICE

I hereby certify that I have, this 23rd day of August, 2024, served all parties in this matter with the foregoing by placing a true and correct copy of same in the United States Mail, with first-class prepaid postage affixed thereto, properly addressed as follows:

Tara Lewanna Abdullah
1273 Metropolitan Ave. SE
#18114
Atlanta, GA 30316

*/s/ Bret Chaness*
BRET CHANESS (GA Bar No. 720572)