**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| TARA LEWANNA ABDULLAH,<br><br>Plaintiff,<br>v.<br><br>PENNYMAC LOAN SERVICES, LLC,<br><br>Defendant. | CIVIL ACTION FILE NO.<br>1:24-cv-03627-SDG-RGV |

**MAGISTRATE JUDGE'S FINAL**
**REPORT AND RECOMMENDATION**

Plaintiff Tara Lewanna Abdullah ("Abdullah") initially brought this action against defendant PennyMac Loan Services, LLC ("PennyMac"), in the Superior Court of Fulton County, Georgia (the "state court action"), on July 15, 2024, and PennyMac was served with process on July 17, 2024. See [Doc. 1-1 at 2-5, 28]; see also [Doc. 1 at 1-2].[1] Two days after Abdullah filed the state court action, she also filed a "Motion to Show Cause," [Doc. 2 (emphasis and all caps omitted)], and a "Motion to Rescind and Set Aside Deed Under Power and Assignment of Deed," [Doc. 4 (emphasis and all caps omitted)], and on August 6, 2024, Abdullah filed in the state court action an "Affidavit and Request for Default Judgment," [Doc. 3

[1] The listed document and page numbers in citations to the record refer to the document and page numbers shown on the Adobe file reader linked to the Court's electronic filing database, CM/ECF.

(emphasis and all caps omitted)]. PennyMac timely filed its notice of removal in this Court on August 16, 2024, [Doc. 1], but the notice of removal was not entered on the docket until August 20, 2024. Before PennyMac filed a copy of the docketed notice of removal in the state court action, the judge in that case entered an order granting Abdullah's motion for default judgment. See [Doc. 9-3]; see also [Doc. 9-1 at 2; Doc. 9-2]. PennyMac filed the notice of removal in the state court action shortly thereafter, see [Doc. 9-1 at 2], and has since moved to set aside the state court's order on Abdullah's motion for default judgment, [Doc. 9], and Abdullah has failed to respond. PennyMac has also filed a motion to dismiss, seeking dismissal of Abdullah's complaint in its entirety, [Doc. 5], and Abdullah has failed to respond.[2] Additionally, Abdullah has filed multiple motions in this Court, including a motion to dismiss, [Doc. 10], two motions to remand, [Docs. 14 & 16], and three motions to voluntarily dismiss, [Docs. 17, 18, & 22]. For the reasons that follow, it is **RECOMMENDED** that PennyMac's motion to dismiss, [Doc. 5], and motion to set aside default, [Doc. 9], be **GRANTED**; Abdullah's motions to dismiss, [Docs. 10, 17, 18, & 22], and motions to remand, [Docs. 14 & 16], be **DENIED**; Abdullah's motions filed in the state court action pertaining to the

---

[2] Because Abdullah has not filed a response to PennyMac's motion to set aside default or motion to dismiss, and the time to do so has passed, the motions are deemed to be unopposed. See LR 7.1(B), NDGa.

default, [Docs. 2 & 3], be **DENIED** as **MOOT**; Abdullah's motion to rescind and set aside filed in the state court action, [Doc. 4], be **DENIED**; and that Abdullah's complaint be **DISMISSED**.

## I. DISCUSSION

### A. PennyMac's Motion to Set Aside Default, [Doc. 9]

Abdullah filed an "Affidavit and Request for Default Judgment" in the state court action on August 6, 2024. [Doc. 3 (emphasis and all caps omitted)]. On August 21, 2024, after PennyMac filed a notice of removal in this Court but before PennyMac filed the notice in the state court action, the judge in the state court action entered an order on Abdullah's motion for default judgment, indicating that PennyMac "was served July 17[], 2024," but "[a]s of the date of [the] order, the 30-day window [for filing an answer] ha[d] closed, and [PennyMac was] automatically in default." [Doc. 9-3]; see also [Doc. 9-2]. The state court judge listed the requirements for opening the default under O.C.G.A. § 9-11-55(b) and indicated that if PennyMac failed "to satisfy the [] conditions within 15 days of the entry of default," Abdullah would "be entitled to verdict and judgment by default." [Doc. 9-3 at 1-2 (citations and internal marks omitted)].

Two days after the entry of the state court order, PennyMac moved this Court to set aside the default in the state court action, [Doc. 9], asserting that the state court order "is substantively incorrect and should be set aside," but "[t]o the

extent that this Court determines the entry of default is somehow proper, it should be set aside under Rule 55(c)," [Doc. 9-1 at 3]. Specifically, PennyMac contends that the purpose of the state court default order "is not entirely clear," since a party is automatically in default "if an answer is not filed within 30 days after service," and PennyMac was "unable to find any case law from any state court in Georgia where an 'entry of default' is mentioned as being entered prior to the default judgment." [Id. at 4-5 (citing O.C.G.A. § 9-11-55(a))]. Regardless, PennyMac points out that O.C.G.A. § 9-11-55(a) provides that default "may be opened as a matter of right by the filing of such defenses within 15 days of the day of default, upon the payment of costs," and "[i]t is not until that time period expires without an answer being filed that a plaintiff is entitled to a default judgment," and thus, the "factors set forth in O.C.G.A. § 9-11-55(b) [as laid out in the state court order] are completely irrelevant during that 15 day period, which . . . would not expire until September 3, 2024." [Id. at 5 (citations and internal marks omitted)]. PennyMac asserts that because "this case is now fully in federal court, [] the Federal Rules of Civil Procedure apply," and under Rule 81(c)(2), PennyMac "had until August 23, 2024, to file its answer or other defenses," and because PennyMac "met [its] deadline," it "therefore is not in default." [Id. at 5-6].

PennyMac also argues that even if it is in default, the state court default order should be set aside because good cause exists to set aside the entry of default

under Federal Rule of Civil Procedure 55(c). [Id. at 6-9]. Specifically, PennyMac asserts that it filed its removal notice in state court on August 21, 2024, the day after it obtained a "file-stamped copy of the Notice of Removal" from this Court, and PennyMac filed the instant motion to set aside the default "the exact same day that PennyMac discovered the [d]efault [o]rder, showing that it [] [acted] promptly to correct the default." [Id. at 7-8 (citations and internal marks omitted)]. PennyMac contends that it "is not at all trying to thwart any judicial process, is acting in good faith, and [is] trying to faithfully adhere to deadlines." [Id. at 8]. Further, PennyMac asserts that Abdullah "would not be prejudiced at all in opening the default," since "any potential delay here is less than one week," and Abdullah "did not even know when PennyMac's response deadline was, wrongly asserting that PennyMac was in default just 20 days after being served." [Id. (citation omitted)]. Finally, PennyMac contends that it "has meritorious defenses to [ Abdullah's] claims," as shown in its motion to dismiss. [Id. at 9 (citation omitted)]. Abdullah failed to file a response to PennyMac's motion, which is therefore deemed to be unopposed. See LR 7.1(B), NDGa.

PennyMac timely filed its notice of removal in this Court on August 16, 2024, [Doc. 1], but the notice was not filed in the state court action until August 21, 2024, the day after it was entered on the docket in this Court, and therefore, under state law, PennyMac was deemed to be automatically in default after August 16, 2024,

because it had not filed an answer in the state court action within thirty days of being served, see O.C.G.A. § 9-11-55(a). However, the entry of a default judgment on the docket in the state court action on August 21, 2024, was improper, see Abdullah v. PennyMac Loan Servs., LLC, 24CV008764 (Fulton Cnty. Super. Ct. Aug. 21, 2024); see also [Doc. 9-3], because pursuant to Georgia law, "default may be opened as a matter of right by the filing of [] defenses within 15 days of the day of default," O.C.G.A. § 9-11-55(a).[3] Therefore, PennyMac had until September 3, 2024, to open the default as a matter of right before a default judgment could be entered, and the state court's entry of a default judgment was "procedurally

[3] As PennyMac points out, [Doc. 9-1 at 3-4], the Fulton County Superior Court retained jurisdiction to enter the order on the motion for default judgment because, although "[f]ederal jurisdiction commences when the defendant files the notice of removal with the district court," Fabre v. Bank of Am., N.A., CIVIL ACTION FILE NO. 3:09-CV-00124-JTC-GGB, 2010 WL 11470602, at *3 (N.D. Ga. May 3, 2010) (citations omitted), the "state court does not lose jurisdiction until a copy of the notice of removal is filed there," Knezevich v. United States, Case No. 8:18-cv-1589-T-02AEP, 2019 WL 459140, at *1 (M.D. Fla. Feb. 6, 2019) (citation omitted), aff'd sub nom., Knezevich v. Carter, 805 F. App'x 717 (11th Cir. 2020) (per curiam) (unpublished); see also Medrano v. Texas, 580 F.2d 803, 804 (5th Cir. 1978) (per curiam) (holding that the state court retained jurisdiction until it received notice of the removal to federal court); Garcia v. Rezi, Civil Action No. 1:22-cv-03424-VMC, 2022 WL 18459846, at *3 (N.D. Ga. Nov. 28, 2022) (citation omitted) (stating that "the state court's actual or constructive notice of the removal . . . is sufficient to deprive the state court of jurisdiction"); Willich v. Wells Fargo Bank, N.A., Case No. 3:12-cv-544-J-32JBT, 2012 WL 13098510, at *3 (M.D. Fla. Aug. 13, 2012) (footnote and citations omitted) ("[T]he state court retains jurisdiction until such time as the state court receives actual or constructive notice of the removal."), and the order was entered in the state court action, [Doc. 9-3], just prior to the filing of the notice of removal in that court, [Doc. 9-2].

improper." Hester v. Gulfstream Prop. & Cas. Ins. Co., Case No. 5:19cv170-MCR-MJF, 2019 WL 8063349, at *2 (N.D. Fla. Nov. 8, 2019). Further, on August 21, 2024, the same day the default order was entered and within the time period to open the default, PennyMac filed its notice of removal in the state court action. See Abdullah, 24CV008764 (Fulton Cnty. Super. Ct. Aug. 21, 2024); see also [Docs. 9-2 & 9-3]. "Once a civil case is removed to federal court, the Federal Rules of Civil Procedure apply to that action." Amin-Patel v. Emory Univ., CIVIL ACTION FILE NO. 1:19-CV-1213-MHC, 2019 WL 13268143, at *2 (N.D. Ga. July 8, 2019) (citation omitted) (citing Fed. R. Civ. P. 81(c)(1)); see also Tidmore v. Bank of Am., N.A., Civil Action Number: 4:15-cv-2210-JEO, 2017 WL 467473, at *1 (N.D. Ala. Feb. 3, 2017) (citations omitted) (stating that the Federal Rules of Civil Procedure apply to an action after removal). Pursuant to Rule 81 of the Federal Rules of Civil Procedure, a "defendant who did not answer before removal must answer or present other defenses or objections under these rules within . . . 7 days after the notice of removal is filed," Fed. R. Civ. P. 81(c)(2)(C), and PennyMac timely filed its motion to dismiss in this Court on August 23, 2024, [Doc. 5].

Regardless, good cause exists to set aside the default in this case. A "federal court may set aside a default entered in state court before the action was removed," Hester, 2019 WL 8063349, at *1 (citations omitted), and Rule 55 of the Federal Rules of Civil Procedure provides that the Court "may set aside an entry of default for

good cause," Fed. R. Civ. P. 55(c). In determining whether good cause exists to set aside a default, courts consider "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, [] whether the defaulting party presents a meritorious defense," and "whether the defaulting party acted promptly to correct the default." Waddell v. Eagles Landing Rests., LLC, CV424-128, 2024 WL 3797996, at *1 (S.D. Ga. Aug. 13, 2024) (citation and internal marks omitted); see also EEOC v. Am. Sec. Assocs., Inc., CIVIL ACTION NO. 1:21-CV-3870-ELR-JSA, 2023 WL 11876945, at *2 (N.D. Ga. July 31, 2023) (citations omitted). Here, "to the extent there was any delay in timely filing a response, such delay was minimal," Hester, 2019 WL 8063349, at *2, and appears to primarily be caused by a delay in the docketing of the notice of removal filed in this Court. "Furthermore, there is no indication that the purported failure to timely respond was willful or intentional, and [Abdullah] has failed to show that [s]he would be prejudiced from the delay associated with setting aside the default." Id. (citations omitted). Moreover, as discussed below, PennyMac has asserted meritorious defenses to this action in its motion to dismiss. See [Doc. 5]. Accordingly, "[c]onsidering the totality of the circumstances and the Eleventh Circuit's policy that favors deciding cases on the merits," Aughnay v. Starr, CIVIL ACTION NO. 1:19-CV-2607-CC, 2019 WL 7343480, at *4 (N.D. Ga. Dec. 31, 2019), it is

**RECOMMENDED** that PennyMac's motion to set aside default, [Doc. 9], be **GRANTED**.

**B. Abdullah's Attempts to Remand, [Docs. 10, 14, 16, 17, 18, & 22]**

Abdullah has filed multiple motions seeking to remand this case to the Superior Court of Fulton County, Georgia. See [Docs. 10, 14, 16, 17, 18, & 22]; see also [Doc. 11]. Specifically, in her first motion to remand, she contends that remand is proper due to a "defect" based on the "egregious and unconsolable acts committed by" PennyMac's counsel, including "intentional[ly] and willfully filing a [c]ase in [d]istrict [c]ourt without [m]erit[ and] [i]nsufficient and [u]ntimely filings containing multiple [e]rrors[.]" [Doc. 14 at 1 (emphasis and all caps omitted)]. However, for the reasons previously discussed, the notice of removal PennyMac filed in this Court on August 16, 2024, was timely, see [Doc. 1], and the entry of default in the state court action is due to be set aside. Because Abdullah provides no legal basis to remand this matter to the Fulton County Superior Court, and instead, this motion appears to be based primarily upon whether the notice of removal was timely filed, see [Doc. 14], it is due to be denied for the reasons already discussed.

In her second motion to remand, Abdullah contends that remand is proper due to "lack of subject matter jurisdiction." [Doc. 16 (emphasis and all caps omitted)]. Specifically, Abdullah cites to various Georgia statutes in an apparent

attempt to assert that subject matter jurisdiction lies with the Superior Court of Fulton County, Georgia, and therefore, the case must be remanded. See [id.]. However, as PennyMac points out, none of these statutes "concern the subject matter jurisdiction of this Court." [Doc. 19 at 4]. Further, subject matter jurisdiction in this Court is proper based on federal question jurisdiction, since Abdullah asserts an alleged violation of the automatic stay under the Bankruptcy Code, pursuant to 11 U.S.C. § 362, and due process claims under the United States Constitution, see [Doc. 1 ¶ 5; Doc. 1-1 at 2-3]; see also 28 U.S.C. § 1331, and based on diversity jurisdiction, since Abdullah is a citizen of Georgia and PennyMac is a citizen of Delaware and California, and the amount in controversy exceeds $75,000, see [Doc. 1 ¶¶ 8-12]; see also 28 U.S.C. 1332(a).

Next, Abdullah has filed a motion to dismiss, in which she appears to assert that PennyMac failed to timely answer in the state court action, and because no answer was filed prior to the entry of a default judgment, the case in this Court is due to be dismissed, see [Doc. 10], but for the reasons previously discussed, the entry of default in the state court action is due to be set aside.[4] Abdullah also has

---

[4] Abdullah also asserts that the notice of removal filed in the state court action was defective because PennyMac's counsel did not file an entry of appearance in accordance with Uniform Superior Court Rule 4.21 prior to filing the notice of removal, [Doc. 10 at 1-2], but as PennyMac correctly points out, [Doc. 12 at 5-7], this argument is without merit because the notice of removal itself satisfied Rule 4.21, see Ga. Unif. Super. Ct. R. 4.2 ("The filing of any pleading shall contain the

filed a "Motion to Voluntarily Dismiss of Case," [Doc. 17 (emphasis and all caps omitted)], pursuant to Federal Rule 41(a), but given her *pro se* status and apparent misunderstanding of Rule 41, it appears that she is again seeking remand of this case and not dismissal, which is further supported by the fact that she amended this motion shortly thereafter to indicate that she seeks remand, [Doc. 18]. Abdullah's only ground for remand in these motions is her incorrect assertion that PennyMac failed to file a response to her previously filed motions for remand, see [Doc. 18 at 1], but PennyMac timely responded to these motions on October 1, 2024, see [Doc. 19]. Finally, Abdullah has filed an additional motion to voluntarily dismiss this case, which again appears to be an attempt to remand this case back to state court by dismissing the case in this Court, see [Doc. 22], but she has failed to provide any grounds for remand, and for the reasons already discussed, remand to the Superior Court of Fulton County, Georgia, is improper. Accordingly, it is **RECOMMENDED** that Abdullah's motions seeking to remand this action to the Superior Court of Fulton County, [Docs. 10, 14, 16, 17, 18, & 22], be **DENIED**.

---

information required by this paragraph and shall constitute an appearance by the person(s) signing such pleading, unless otherwise specified by the court."), and in any event, the failure to file an entry of appearance in the state court action does not impact the validity of the notice of removal filed in this Court nor does it deprive this Court of jurisdiction.

**C. PennyMac's Motion to Dismiss, [Doc. 5]**

Shortly after removing the action to this Court, PennyMac filed its motion to dismiss Abdullah's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). See [Doc. 5]. In its brief in support of its motion to dismiss, PennyMac asserts that Abdullah is collaterally estopped from asserting a claim for violation of the automatic stay; her due process claims should be dismissed because due process is not implicated in a non-judicial foreclosure in Georgia; her claims pursuant to O.C.G.A. §§ 44-14-161 and 48-4-46(d) fail as a matter of law in addition to her claims challenging PennyMac's standing to foreclose; and her remaining claims fail because there is no requirement to confirm the foreclosure sale, she granted PennyMac a power of attorney, there is no private cause of action under the criminal statutes for theft, and she has pleaded no facts to support her claims, including her contention that the foreclosure sale did not occur. [Doc. 5-1 at 6-15]. Abdullah did not file a response to PennyMac's motion, which is therefore deemed to be unopposed. See LR 7.1(B), NDGa.[5]

---

[5] Because Abdullah has not responded to PennyMac's arguments in its motion to dismiss about the claims she alleged in her complaint, the "[f]ailure to respond to an opposing party's argument constitutes abandonment of that claim and warrants its dismissal." Demmons v. Fulton Cnty., Civil Action File No. 1:09-CV-2312-TWT-WEJ, 2010 WL 3418325, at *11 (N.D. Ga. Aug. 2, 2010) (citations omitted), adopted by 2010 WL 3418328, at *1 (N.D. Ga. Aug. 25, 2010); see also Lewis v. Option One Mortg. Corp., CIVIL ACTION FILE NO. 1:13-CV-03973-AT-JFK, 2014 WL 12861081, at *5 (N.D. Ga. June 23, 2014) (citations omitted)

**1. *Background***

This action arises out of the foreclosure sale of the property located at 911 Moreland Avenue Southeast, Atlanta, Georgia, 30316 ("the property"). See [Doc. 1-1 at 2].[6] From the documents before the Court, it appears that Abdullah obtained

---

(recommending that defendants' unopposed motion to dismiss plaintiff's complaint for failure to state a claim be granted based on Eleventh Circuit authority dismissing "claims as abandoned where the plaintiff failed to respond"), adopted by 2014 WL 12861186, at *1 (N.D. Ga. July 28, 2014); Bell v. Metro. Atlanta Rapid Transit Auth., Civil Action No. 1:10–CV–1117–JEC, 2011 WL 1225899, at *6 (N.D. Ga. Mar. 30, 2011) (citations omitted); Hooper v. City of Montgomery, 482 F. Supp. 2d 1330, 1334 (M.D. Ala. 2007) (citation omitted) (dismissing claims as abandoned where plaintiff failed to respond to defendants' motion to dismiss those claims); Hudson v. Norfolk S. Ry. Co., 209 F. Supp. 2d 1301, 1324 (N.D. Ga. 2001) (citation omitted) (citing Resol. Tr. Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir. 1995)) ("When a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned."), adopted at 1304. "Nevertheless, even though lack of opposition is a sufficient basis in itself for granting this motion to dismiss, this Court [will] also review[] the motion on the merits[.]" White v. GA Dep't of Motor Vehicle Safety, Civil Action File No. 1:06-CV-0124-TWT, 2006 WL 1466254, at *1 (N.D. Ga. May 19, 2006); see also Trainer v. Nix, Civil Action No. 1:07–CV–1227–JOF, 2009 WL 2370677, at *1 (N.D. Ga. July 29, 2009) (considering merits of defendants' motions even though they were unopposed); Eley v. Morris, 390 F. Supp. 913, 917-18 (N.D. Ga. 1975) (evaluating plaintiffs' motions on the merits despite defendants' failure to file responses in opposition).

[6] The factual background is taken from the pleadings and exhibits and does not constitute findings of fact by the Court. Abdullah has attached to her complaint two documents related to the property, see [Doc. 1-1 at 6-9], and PennyMac has also attached certain exhibits to its motion to dismiss, see [Docs. 5-2 through 5-6]. The documents attached to Abdullah's complaint are considered part of the pleading, see Fed. R. Civ. P. 10(c), and may therefore be considered by the Court in ruling on PennyMac's motion to dismiss, Maxcess, Inc. v. Lucent Techs., Inc., 433 F.3d 1337, 1340 n.3 (11th Cir. 2005) (per curiam); Owens v. Metro. Life Ins. Co.,

a mortgage loan from Cardinal Financial Company ("Cardinal") and used the proceeds of the loan to purchase the property, and the transaction was secured by the property pursuant to a security deed executed by Abdullah, conveying the property to Mortgage Electronic Registration Systems, Inc., as grantee-nominee for Cardinal. See [Doc. 5-2].[7] The security deed was later assigned to PennyMac,[8] and subsequently, Abdullah allegedly defaulted on her obligations under the loan and security deed. See [Doc. 1-1 at 9, 15, 19; Doc. 5-3]. PennyMac purchased the property at a foreclosure sale on February 6, 2024. See [Doc. 5-4]; see also [Doc. 1-1 at 2, 6-8, 16-18].[9]

---

Civil Action No. 2:14-CV-00074-RWS, 2015 WL 1651125, at *3 (N.D. Ga. Apr. 14, 2015) (citing Fed. R. Civ. P. 10(c)) ("[D]ocuments attached to a complaint are considered part of the complaint."). Further, the Court may consider the exhibits attached to PennyMac's motion to dismiss, since "a district court may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a Rule 56 motion." Halmos v. Bomardier Aerospace Corp., 404 F. App'x 376, 377 (11th Cir. 2010) (per curiam) (unpublished) (citations omitted).

[7] The security deed was recorded at Deed Book 65337, Page 109, in the Clerk of Superior Court for Fulton County, Georgia, on February 28, 2022. See [Doc. 5-2 at 1].

[8] The assignment was recorded at Deed Book 66942, Page 92, in the Clerk of Superior Court for Fulton County, Georgia, on June 28, 2023. See [Doc. 5-3 at 1].

[9] The deed under power which reflected the purchase of the property at foreclosure was recorded on March 8, 2024, at Deed Book 67652, Page 521, in the Clerk of Superior Court for Fulton County, Georgia. See [Doc. 5-4 at 1].

The day before the foreclosure sale, Abdullah filed a voluntarily petition for bankruptcy under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Georgia in the name of "Tara Lewanna Abdullah Bankruptcy Estate," a non-individual. See In re Abdullah, No. 24-51300-sms, at [Doc. 1] (Bankr. N.D. Ga. Feb. 5, 2024) (the "bankruptcy court action"). The bankruptcy court action was dismissed on February 23, 2024, for failure to pay the filing fee, id., at [Doc. 12], and after Abdullah filed a motion to reinstate and paid the majority of the filing fee, id., at [Doc. 14], the bankruptcy court entered an order, noting that "[a] trust is not an eligible debtor in bankruptcy," and indicating that Abdullah's motion would be granted if she paid the remaining filing fee and amended her bankruptcy petition "to indicate that [she] is not a trust and is otherwise eligible for relief under the Bankruptcy Code," id., at [Doc. 15]. Abdullah amended her bankruptcy petition on March 6, 2024, to reflect that she is an individual, id., at [Doc. 19], and on April 8, 2024,[10] PennyMac filed a "Motion for Relief from Automatic Stay (Real Property) or in the alternative Motion to Annul the Automatic Stay Retroactively to February 5, 2024," id., at [Doc. 30 (emphasis and all caps omitted)].

---

[10] The docket in the bankruptcy court action reflects that Abdullah filed an adversary case against PennyMac on April 1, 2024. See In re Abdullah, at [Doc. 28] (Bankr. N.D. Ga. Apr. 1, 2024).

The bankruptcy court subsequently granted PennyMac's motion on April 25, 2024, finding that "there was no active stay as to the [p]roperty . . . until the reinstatement of the case on March 20, 2024[,] after the petition was amended," and modified the automatic stay "to allow [PennyMac] to proceed with an action to evict and take possession of the [p]roperty thereof in pursuit of its state law remedies." Id., at [Doc. 54]; see also [Doc. 5-5]. While the bankruptcy court action was still pending, Abdullah filed the present action against PennyMac in the Superior Court of Fulton County, Georgia, on July 15, 2024, see [Doc. 1-1], which was subsequently removed to this Court on August 16, 2024, [Doc. 1]. PennyMac has since filed a motion to dismiss Abdullah's complaint in its entirety, [Doc. 5], to which Abdullah has failed to respond, and the pending motion is now ripe for ruling.

**2. *Legal Standard***

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of an action when the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the Court must accept Abdullah's allegations as true and construe the complaint in her favor. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993); Tapsoba v. Khiani Alpharetta, LLC, Civil Action No. 1:13–CV–1519–

RWS, 2013 WL 4855255, at *1 (N.D. Ga. Sept. 11, 2013).[11] "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ Abdullah's] obligation to provide the grounds of [her] entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (last alteration in original) (citations and internal marks omitted).

"Factual allegations must be enough to raise a right to relief above the speculative level," id. (footnote and citation omitted), as the complaint must contain "enough facts to state a claim to relief that is plausible on its face," id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for

---

[11] "However, the court need not 'accept as true a legal conclusion couched as a factual allegation.'" Smith v. Delta Air Lines, Inc., 422 F. Supp. 2d 1310, 1324 (N.D. Ga. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Additionally, '[c]onclusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint. If the appended document . . . reveals facts which foreclose recovery as a matter of law, dismissal is appropriate.'" Id. (alteration in original) (footnote omitted) (quoting Associated Builders, Inc. v. Ala. Power Co., 505 F.2d 97, 100 (5th Cir. 1974)). Decisions of the Fifth Circuit rendered before October 1, 1981, are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). The Supreme Court in Iqbal held:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."

Id. at 678-79 (last alteration in original) (citations omitted); see also Evans v. Ga. Dep't of Behav. Health & Developmental Disabilities, CV 415-103, 2018 WL 4610630, at *3 (S.D. Ga. Sept. 25, 2018) (alterations in original) (citation and internal marks omitted) ("Although there is no probability requirement at the pleading stage, something beyond . . . mere possibility . . . must be alleged.").

"While Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting Twombly, 550 U.S. at 556), "[t]o state a plausible claim for relief, a plaintiff must go beyond merely pleading the 'sheer possibility' of unlawful activity by [] defendant and so must offer 'factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged,'" Stabb v. GMAC Mortg., LLC, 579 F. App'x 706, 708 (11th Cir. 2014) (per curiam) (unpublished) (citation omitted). "Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law." Moore v. McCalla Raymer, LLC, 916 F. Supp. 2d 1332, 1342 (N.D. Ga. 2013) (citations and internal marks omitted), adopted at 1336; see also Glover v. Liggett Grp., Inc., 459 F.3d 1304, 1308 (11th Cir. 2006) (per curiam) (citation omitted); Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (citations omitted).

### 3. *Discussion*

#### i. Violation of Automatic Stay

Abdullah first contends that the foreclosure sale of the property violated the automatic stay in the bankruptcy court action. See [Doc. 1-1 at 2]. PennyMac seeks dismissal of this claim, arguing that Abdullah "is collaterally estopped from bringing such claim" based on the April 25, 2024, bankruptcy court order which determined "that no stay was in effect on the sale date because . . . Abdullah was not the debtor on February 6, 2024, the date of the foreclosure sale." [Doc. 5-1 at 6-8 (emphasis, all caps, and citation omitted)]. The Court agrees with PennyMac.

"'The general principle of res judicata prevents the relitigation of issues and claims already decided by a competent court.'" Barrett v. King, CIVIL ACTION

FILE NO.: 1:23-CV-2747-WMR-JCF, 2023 WL 9187807, at *4 (N.D. Ga. Nov. 21, 2023) (quoting Cmty. State Bank v. Strong, 651 F.3d 1241, 1263 (11th Cir. 2011)), adopted by 2024 WL 1558186, at *5 (N.D. Ga. Mar. 7, 2024); see also Crisostomo v. Weigel, CIVIL ACTION FILE NO. 1:17-cv-05281-WMR-RGV, 2018 WL 7198182, at *10 (N.D. Ga. Dec. 6, 2018) (citation and internal marks omitted) (stating that the "doctrine of res judicata is one of finality, providing that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights and responsibilities of the parties and their privies"), adopted sub nom. Crisostomo v. Russell C. Weigel, III, P.A., CIVIL ACTION FILE NO: 1:17-cv-05281-WMR, 2019 WL 650415, at *1 (N.D. Ga. Jan. 16, 2019). Res judicata "comes in two forms: claim preclusion (traditional res judicata) and issue preclusion (also known as collateral estoppel)." Barrett, 2023 WL 9187807, at *4 (citation and internal marks omitted); see also McCloud v. HSBC Bank USA NA, CIVIL ACTION NO. 1:12-CV-3301-CAP-ECS, 2014 WL 11455989, at *7 (N.D. Ga. Aug. 14, 2014) (internal marks omitted) (quoting Taylor v. Sturgell, 553 U.S. 880, 892 (2008)) ("The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as res judicata."), adopted by 2014 WL 11455990, at *1 (N.D. Ga. Aug. 29, 2014), aff'd, 618 F. App'x 660 (11th Cir. 2015) (per curiam) (unpublished). PennyMac contends Abdullah's claim for violation of the

automatic stay is due to be dismissed based on collateral estoppel. [Doc. 5-1 at 6-8]. For collateral estoppel to apply, the following four factors must be met:

> (1) the issue at stake must be identical to the one involved in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the determination of the issue in the prior litigation must have been 'a critical and necessary part' of the judgment in the first action; and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding.

Baker v. Sepich, CASE NO. 18-cv-81595-MIDDLEBROOKS, 2021 WL 5768069, at *3 (S.D. Fla. Oct. 28, 2021) (alteration and internal marks omitted) (quoting Christo v. Padgett, 223 F.3d 1324, 1339 (11th Cir. 2000)), aff'd, No. 21-14145, 2022 WL 4594318 (11th Cir. Sept. 30, 2022) (per curiam); see also In re 160 Royal Palm, LLC, No. 22-12901, 2023 WL 2733533, at *2 (11th Cir. Mar. 31, 2023) (per curiam) (citation omitted).

"All four elements are met here." Baker, 2021 WL 5768069, at *3. First, "the issue at stake in both actions is the same—whether an automatic stay was in place thereby rendering the foreclosure sale [on February 6, 2024,] unlawful." Id., at *4. Second, the issue was actually litigated, as evidenced by the motion for relief from the automatic stay filed by PennyMac in the bankruptcy court action, In re Abdullah, at [Doc. 30], to which Abdullah filed a response in opposition, id., at [Doc. 32], and after the bankruptcy court granted PennyMac's motion, id., at [Doc. 54], Abdullah filed a motion to reconsider, id., at [Doc. 58], which the bankruptcy

court denied, id., at [Doc. 63]. Third, the issue was a critical and necessary part of the decision in the bankruptcy court action because the issue was "squarely addressed, or directly decided," by the bankruptcy court, In re Barreto, 514 B.R. 702, 716 (Bankr. S.D. Fla. 2013) (citation and internal marks omitted), since the court entered an order modifying the automatic stay and determined "that there was no active stay as to the [p]roperty at the time of the initial filing on February 5, 2024[,] and the automatic stay did not go into effect as to the [p]roperty until the reinstatement of the [bankruptcy court action] on March 20, 2024[,] after the petition was amended," In re Abdullah, at [Doc. 54]. Finally, Abdullah "has undoubtedly been afforded a 'full and fair opportunity to litigate this issue,'" Baker, 2021 WL 5768069, at 4 (citation omitted), since she filed a response to PennyMac's motion for relief from the automatic stay, In re Abdullah, at [Doc. 32], and a motion for reconsideration after the bankruptcy court granted PennyMac's motion, id., at [Doc. 58].

"Because the issue regarding the modification of the automatic stay has already been resolved by the [b]ankruptcy [c]ourt in a prior proceeding in favor of [PennyMac], [Abdullah is] precluded from relitigating the identical issue in this [C]ourt," and therefore, Abdullah's "claim that [PennyMac] violated the automatic stay must be dismissed." McNear v. Caversham Fin. Serv., CIVIL ACTION FILE NO. 1:07-CV-2091-RLV-JFK, 2007 WL 9751576, at *2 (N.D. Ga. Oct. 23, 2007),

adopted by 2007 WL 9751585, at *1 (N.D. Ga. Nov. 9, 2007); see also Nicholson v. OneWest Bank, Civil Action File No. 1:10–CV–0795–JEC/AJB, 2010 WL 2732325, at *6 (N.D. Ga. Apr. 20, 2010) (citation omitted) (finding the criteria for collateral estoppel were met because the same parties were involved and the same issue was before the bankruptcy court when it provided relief from the automatic stay to allow defendant to proceed with the foreclosure), adopted by 2010 WL 2732329, at *1 (N.D. Ga. June 7, 2010). Accordingly, it is **RECOMMENDED** that PennyMac's motion to dismiss, [Doc. 5], be **GRANTED** as to Abdullah's claim that PennyMac violated the automatic stay in the bankruptcy court action.

**ii. Due Process Claims**

Abdullah asserts that the foreclosure sale of the property infringed upon her rights to due process under the United States Constitution. [Doc. 1-1 at 2-3]. PennyMac contends that Abdullah's "claim(s) that the foreclosure sale violated her due process rights fail as a matter of law [and] must be dismissed with prejudice," since "the Georgia Supreme Court 'has clearly held that there is insufficient state action in the Georgia foreclosure procedure so as to leave it vulnerable to attack on the ground that it is violative of constitutional due process.'" [Doc. 5-1 at 8 (quoting Parks v. Bank of N.Y. Mellon, 614 S.E.2d 63, 64 (Ga. 2005))]. The Court agrees. See Palacious v. Lienhard, CIVIL ACTION FILE NO. 1:15–CV–01683–TCB–JFK, 2015 WL 11571038, at *13 (N.D. Ga. Dec. 30, 2015)

(citations omitted) (stating "non-judicial foreclosure actions and eviction actions do not call into play federal constitutional due process or equal protection rights"), adopted by 2016 WL 4502376, at *2 (N.D. Ga. Jan. 25, 2016); see also Crooked Creek Props., Inc. v. Hutchinson, 432 F. App'x 948, 949-50 (11th Cir. 2011) (per curiam) (unpublished) (footnote and citations omitted) (finding that a due process claim was "meritless because a foreclosure sale by a private mortgagee does not involve state action"); Brantley v. U.S. Bank, Civil Action No. 1:12–cv–4476–JEC, 2013 WL 5429624, at *3 (N.D. Ga. Sept. 30, 2013) (citation omitted) ("The Georgia Supreme Court agrees that in a non-judicial foreclosure sale, there is no state action, and thus implicates no federal or state constitutional issue."); Perry v. Regions Mortg., CIVIL ACTION FILE NO. 1:10-CV-1143-JEC-JFK, 2010 WL 11647342, at *8 (N.D. Ga. Sept. 27, 2010) (citations omitted) ("[M]ere references to the Constitution are not sufficient to state a claim for relief on constitutional grounds."), adopted by 2010 WL 11647563, at *1 (N.D. Ga. Oct. 29, 2010). Accordingly, it is **RECOMMENDED** that Abdullah's due process claims based on the foreclosure sale of the property be **DISMISSED**.

**iii. Remaining Claims**

Abdullah asserts that PennyMac "has no lawful right" to the property and "failed to prove and has no lawful proof of being the . . . 'Holder of Due Course' in this subject matter and that the true and lawful Holder of Due . . . Course is and

has always been . . . Abdullah[.]" [Doc. 1-1 at 3-4]. However, as PennyMac points out, [Doc. 5-1 at 9-10], the Supreme Court of Georgia rejected this argument in You v. JP Morgan Chase Bank, N.A., 743 S.E.2d 428 (Ga. 2013), holding that under "Georgia law, the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed," You, 743 S.E.2d at 433. PennyMac, as the holder of the security deed by virtue of the June 28, 2023, assignment, see [Doc. 5-3]; see also [Doc. 5-2], "was entitled to exercise the power of sale in the [d]eed in order to foreclose on the [p]roperty, whether or not [PennyMac] also held the underlying promissory note," White v. Bank of Am. Bank, NA, 597 F. App'x 1015, 1019 (11th Cir. 2014) (per curiam) (unpublished) (citation omitted); see also Gilder v. Wells Fargo Bank N.A., Civil Action No. 2:17-CV-00211-RWS-JCF, 2018 WL 3702423, at *5 (N.D. Ga. May 23, 2018) (citations omitted), adopted by 2018 WL 3699011, at *1 (N.D. Ga. June 21, 2018). Therefore, Abdullah "cannot state a claim that [PennyMac] is unable to foreclose because it is not a 'holder in due course.'" Zeigler v. CitiMortgage, Inc., CIVIL ACTION NO. 1:16-CV-1440-AT, 2016 WL 11581979, at *1 (N.D. Ga. July 26, 2016). Abdullah also contends that she "did not execute . . . any agreement giving authorization for PennyMac . . . or its representatives [] to act on [her] behalf[,]" [Doc. 1-1 at 3 (all caps omitted)], but the plain language of the security deed

Abdullah executed appointed Cardinal as her "agent and attorney-in-fact[,]" see [Doc. 5-2 at 13 ¶ 22 (emphasis omitted)], and Cardinal assigned its interest to PennyMac, see [Doc. 5-3].

Abdullah also contends that "notice was not given in a timely manner of any such sale of the subject matter being [r]eal [p]roperty as required pursuant to O.C.G.A. §48-4-5[,]"[12] nor was the advertisement of such notice sufficient, and "there has been no verifiable sale at a public outcry." [Doc. 1-1 at 3-4]. However, Abdullah has failed to state a claim regarding insufficient notice or that the foreclosure sale did not occur, as she has failed to plead any facts to support either of these claims, and instead relies on vague and conclusory assertions regarding the foreclosure sale of the property, but Abdullah's "conclusory allegations . . . are wholly insufficient to state a plausible claim for relief against [PennyMac]." Smith v. Robin Warren Props., LLC, CIVIL ACTION FILE NO.: 1:18-CV-03785-WMR-JCF, 2019 WL 3521956, at *5 (N.D. Ga. May 6, 2019), adopted by 2019 WL 3526368, at *1 (N.D. Ga. June 6, 2019); see also Ponder v. Bank of N.Y. Mellon, Civil Action No. 5:10–cv–144 (CAR), 2010 WL 2950681, at *1 (M.D. Ga. July 21, 2010) (finding that the complaint was "largely incomprehensible," granting defendants' motion to dismiss where plaintiff made "wide-ranging, conclusory, and nonsensical

---

[12] O.C.G.A. § 48-4-5 governs the payment of excess funds after a tax sale and is inapplicable to Abdullah's claim regarding improper notice.

allegations," and determining that "it would be futile to order [p]laintiff to make a more definite statement or allow an opportunity to amend" given "the frivolous nature of [p]laintiff's claims"). Further, the single notice Abdullah attached to her complaint, [Doc. 1-1 at 19-20], implies that the foreclosure sale was properly advertised in accordance with O.C.G.A. § 44-14-162(a), see [id. at 20]; see also O.C.G.A. § 9-13-141.

Finally, Abdullah references various Georgia statutes in her complaint, including O.C.G.A. §§ 16-8-2, 16-8-9, 18-8-12, 44-14-161, and 48-4-46(d). See [Doc. 1-1 at 3-4].[13] However, as PennyMac points out, [Doc. 5-1 at 8-10, 14-15], O.C.G.A. §§ 16-8-2, 16-8-9, and 18-8-12 are criminal statutes that do not provide a private right of action, see Stroman v. Bank of Am. Corp., 852 F. Supp. 2d 1366, 1380 (N.D. Ga. 2012) (citations omitted); O.C.G.A. § 44-14-161 provides the requirements for actions to obtain deficiency judgments, which is inapplicable here, see O.C.G.A. § 44-14-161; and O.C.G.A § 48-4-46(d) is inapplicable because it addresses the notice requirements for a tax sale, see O.C.G.A. § 48-4-46(d). Accordingly, it is

---

[13] Abdullah also cites 8 U.S.C. § 1324, a federal criminal statute that prohibits bringing in and harboring certain aliens and does not provide a private cause of action, and 15 U.S.C. § 554, which does not exist. See [Doc. 1-1 at 4].

**RECOMMENDED** that PennyMac's motion to dismiss, [Doc. 5], be **GRANTED** and this action be **DISMISSED**.[14]

## II. CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that PennyMac's motion to dismiss, [Doc. 5], and motion to set aside default, [Doc. 9], be **GRANTED**; Abdullah's motions to dismiss, [Docs. 10, 17, 18, & 22], and motions to remand, [Docs. 14 & 16], be **DENIED**; Abdullah's motions filed in the state court action pertaining to the default, [Docs. 2 & 3], be **DENIED** as **MOOT**; Abdullah's motion to rescind and set aside filed in the state court action, [Doc. 4], be **DENIED**; and that Abdullah's complaint be **DISMISSED**.

[14] The three additional motions filed by Abdullah that remain pending on the docket in this case, [Docs. 2, 3, & 4], were filed in the state court action prior to the entry of default judgment. Therefore, the two motions pertaining to the default, [Docs. 2 & 3], are due to be denied as moot. Further, the "Motion to Rescind and Set Aside Deed Under Power and Assignment of Deed" filed in the state court action, [Doc. 4 (emphasis and all caps omitted)], is due to be denied for the same reasons that PennyMac's motion to dismiss is due to be granted. Accordingly, it is **RECOMMENDED** that Abdullah's motions pertaining to the default, [Docs. 2 & 3], be **DENIED** as **MOOT**, and Abdullah's motion to rescind and set aside, [Doc. 4], be **DENIED**.

The Clerk is **DIRECTED** to terminate this referral.

**IT IS SO RECOMMENDED** and **DIRECTED** this 11th day of October, 2024.

Russell G. Vineyard
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE