**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| TARA LEWANNA ABDULLAH,<br>Plaintiff,<br>v.<br>PENNYMAC LOAN SERVICES, LLC,<br>Defendant. | Civil Action No.<br>1:24-cv-03627-SDG |

**ORDER**

On October 28, 2024, pro se Plaintiff Tara Lewanna Abdullah filed a notice of appeal from (1) Magistrate Judge Russell G. Vineyard's October 11 Final Report and Recommendation (R&R) and (2) undersigned's October 15 Standing Order.[1] Abdullah now seeks leave to appeal those rulings *in forma pauperis* (IFP).[2]

Applications to appeal IFP are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. Under these provisions, a court may authorize an appeal without the prepayment of fees based on an applicant's shown showing of an inability to pay such fees. 28 U.S.C. § 1915(a)(1); Fed. R. App. P. 24(a)(1)(A). The applicant must also show an entitlement to redress, 28 U.S.C. § 1915(a)(1); Fed. R. App. P. 24(a)(1)(B), and identify the issues being appealed, Fed. R. App. P.

[1] ECF 43.

[2] ECF 46. Although Abdullah used the IFP form from the Court of Appeals for the Federal Circuit, rather than the one used in the Eleventh Circuit, both forms seek similar information concerning the applicant's finances.

24(a)(1)(C). Under both § 1915(a) and Rule 24, then, a party must show an inability to pay and the basis for the appeal. The appeal must also be taken in good faith. 28 U.S.C. § 1915(a)(3). "Good faith" is objective and exists when a party seeks review of any issue that is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

While Abdullah's IFP application suggests her inability to pay the appellate filing fee, she declined to attest to the accuracy of the information under penalty of perjury.[3] This alone is fatal to her request. 28 U.S.C. § 1915(a)(1) (requiring an affidavit reflecting the applicant's inability to pay the fee). Moreover, Abdullah's appeal is not taken in good faith. The Court has not ruled on the R&R, so the appeal from it is premature. *United States v. Schultz*, 565 F.3d 1353, 1359 (11th Cir. 2009) (noting that appellate courts lack jurisdiction to hear appeals directly from federal magistrate judges). *See also Kengne v. Ga. Power Co.*, No. 22-12828, 2024 WL 4033539, at *1 (11th Cir. Sept. 4, 2024) (sua sponte dismissing an appeal for lack of jurisdiction where the plaintiff attempted to appeal directly from a report and recommendation that had not yet been adopted by the district court). And Abdullah's assertion that the filing of the Court's Standing Order "59 days" after

---

[3] ECF 46, at 4.

the action was removed somehow violates the Federal Rules of Civil Procedure is without basis. She points to no authority that a standing order must be entered within any specific timeframe, nor has she suggested that a district court judge must enter his standing order while the case is pending before a magistrate judge. The Standing Order here was entered within two business days after the reference to Judge Vineyard was terminated by virtue of his entry of the final report and recommendation.

In short, there is no good-faith basis for Abdullah's current appeal and her application to proceed without the prepayment of the appellate filing fees is **DENIED**.

**SO ORDERED** this 31st day of October, 2024.

Steven D. Grimberg
United States District Judge