IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TARA LEWANNA ABDULLAH<br>Plaintiff (Prose)<br><br>Vs.<br><br>PENNYMAC LOAN SERVICES, LLC<br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1-24-CV-03627 |

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta
NOV 08 2024
KEVIN P. WEIMER, Clerk
By: Deputy Clerk

**NOTICE LACK OF STANDING, HEARSAY, AND HARRASSMENT,**

Before this Court, "Plaintiff", Prose filer", beneficiary, and being a natural person hereby gives Notice to the Court of Lack of Standing in this subject matter of Petition for Removal whereas this case was removed from Superior court of Fulton County 8/16/24 by PENNYMAC LOAN SERVCIES, LLC [ARTIFICIAL ENTITY] named as "Defendant" and or its representatives and or attorney Bret Jacob Chaness. In this matter of Petition for Removal, PENNYMAC LOAN SERVICES falsely alleges "Standing" in this matter by having submitted a "copy" of an "Promissory Note" in which "Defendant" claims the Promissory Note gives "legal" "grounds" to have performed a non-judicial foreclosure proceeding by the filing of ASSIGNMENT OF DEED and DEED UNDER POWER with DEED AND RECORDS DIVISION OF FULTON COUNTY GEORGIA earlier this year of 2024. Whereas Plaintiff Disputes any facts that would lawfully Entitle "Defendant" to "any Rights of "Claim" of "Entitlement" "Ownership" or that of "legal "STANDING" to Parcel ID No. 14-0010-0004-046-8 whereas Plaintiff is and has always been the "owner"

"purchaser" "buyer" "beneficiary" and or "principal" since 02/25/22 and has "full" "STANDING" in this subject matter. "Plaintiff" has vested interest of Equity and Controversy in the amount of $921,719 with documented "consideration" and "Equity" in purchasing said "Real Property" Additionally, "Plaintiff "claims that "Defendant" cannot and has not sufficiently and effectively proven to this Court or any Court that it has legal or lawful "Standing" and "grounds" to have taken such action that would overcome "Plaintiff's" Affidavit of Standing nor can "Defendant" produce by production of documents bearing "wet signatures" of "all" "Original" documents of and "all" elements to enforce any alleged "Contract" in question" "Promissory Note" by and between Tara-Lewanna Abdullah aka Tara L. Abdullah and PENNYMAC LOAN SERVICES, LLC.

Whereas:

**(1)**

On the record and let the record reflect "Defendant" PENNYMAC LOAN SERVICES, LLC is not the "Original" alleged "lender" in this matter and "Plaintiff" claims no "enforceable" "Contract" exist or can be produced by and between that of "Plaintiff" and "Defendant" in this subject matter. PENNYMAC LOAN SERVICES, LLC is a loan "Servicer" merely a "loan servicer" in this matter.

**(2)**

On the record and let the record reflect "Defendant" has not given nor can provide any "proof" of "Consideration" in this matter whereas Plaintiff "DEMANDS" production of Documents specifically "CHAIN OF CUSTODY" of alleged "Consideration" alleged to have given in this matter and "CHAIN OF TITLE" to Real Property in this subject matter.

**(3)**

On the record and let the record reflect "Defendant" has no "proof" of "Acceptance" of any "Contract" it alleges to be "enforceable"

**(4)**

On the record and let the record reflect, Plaintiff has "neglected" "failed" to provide sufficient "STANDING" whereas total subject matter "Standing, Jurisdiction, and Controversy" requires a "Petitioner" and or "Opposing" "party" to show sufficient STANDING, "CONTROVERY" and "JURISDICTION". Additionally, a litigant is required to reasonably prove beyond the "shadow" of doubt until such it is "hearsay" and mere "speculation" until otherwise proven.

**(5)**

On the record and let the record reflect, "Plaintiff" claims that Defendant is "harassing" and has no grounds for actions taken against Plaintiff that has caused significant injuries and damages as a result of lawless adverse actions taken, false statements, and or FRAUD for other gratification and purpose that could potentially warrant criminal penalties.

**(6)**

On the record and let the record reflect, Additionally, Plaintiff claims and denies Defendant being in possession of "any" enforceable "Contract" and "Plaintiff" claims to be solely the only "party" to this Case that has been significantly adversely impacted and is at sufferance and at loss of vested interest. And herby files a Notice and Subpoena for production of Documents with this Court to produce that which Defendant alleges to have possession and establish "any" valid and lawful claim to rights of Entitlement of Real Property in

this subject matter of Petition for Removal that would warrant such an action of foreclosure to have taken place filed with this Court on 8/16/24 under Penalty of Perjury.

**(7)**

On the record and let the record reflect, "Defendant" has not proven to this Court any "Loss" or "effect" of being adversely impacted by Plaintiff's Disputing and refusal to pay PENNYMAC LOAN SERVICES, LLC any dollar amount it alleges "Plaintiff" to be in DEFAULT of in this subject matter.

**(8)**

Lastly, On the record and let the record reflect "Plaintiff" in this matter claims if any "Contract" should exist it is not enforceable as the Original NOTE was Destroyed by way of Securitizing, Selling and or Assigning the NOTE whereas the NOTE was separated from the Original DEED. Whereas Defendant is not in possession of both documents described

This Notice is given in memorandoum of

In Memorandum of, Ballentine v. United States, 486 F.3d 806, 810 (3d Cir. 2007). In evaluating a Rule 12(b)(1) motion, a court must first determine whether the movant presents a facial or factual attack. Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). In reviewing a facial challenge, which contests the sufficiency of the pleadings, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." Gould Elec. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000).

Whereas injuries sustained is sufficiently and effectively outlined and expressed in original Complaint, in memorandum of , Toll Bros., Inc. v. Twp. of Readington, 555 F.3d 131, 138 (3d Cir. 2009). To satisfy this requirement, **the alleged injury must be "particularized," in that it "must affect the plaintiff in a personal and individual way."** Lujan, 504 U.S. at 560 n.1. "[T]he 'injury in fact' test requires more than an injury to a cognizable interest. It requires that the party seeking review be himself among the injured." Id. at 563 (quoting Sierra Club v. Morton, 405 U.S. 727, 734-35 (1972)). **The injury must also be "an invasion of a legally protected interest."** Id. at 560. Since "standing is not dispensed in gross," Lewis v. Casey, 518 U.S. 343, 358 n.6 (1996), **a plaintiff who raises multiple causes of action "must demonstrate standing for each claim he seeks to press."** DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 352 (2006). Furthermore, "the standing inquiry requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted." Allen, 468 U.S. at 752.

Respectfully submitted,


Printed Name

Signed Name

1273 Metropolitan Ave SE #18114

Address

Atlanta, Georgia 30316

City State Zip Code

404-964-3421

Phone Number

# Certificate of Service

I, TARA LEWANNA ABDULLAH hereby declare that I have mailed a copy(s) of NOTICE of this as required to the alleged Registered Agent for PENNYMAC LOAN SERVICES, LLC firm representing Defendant in this Case of 1-24-CV-03627 at the address below.

CT COPRATION SYSTEN
Registered Agent for:
PENNYMAC LOAN SERVICES, LLC
289 S. Culver St

Lawrenceville, Georgia 30046

RUBLIN LUBLIN, LLC

3145 AVALON RIDGE PL. STE 100

PRACHTREE CORNERS, GEORGIA 30071

Signed Name

TARA LEWANNA ABDULLAH
Printed Name

1273 Metropolitan Ave Se
Address

Atlanta, Georgia 30316
City State Zip code

404-964-3421
Phone

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta
NOV 08 2024
KEVIN P. WEIMER, Clerk
By: Deputy Clerk

**UNITED STATES DISTRICT COURT FOR**

**NORTHERN DISTRICT OF GEORGIA**

**FBI DIVISION CASE NO. 1-24-03140-SDG**

CORTEZ D. WILSON a/k/a Salinas Falun Smith a/k/a

Salinas Acosta Weaver,

**Plaintiff,**

v.

MARTA Police Department, Monty Montgomery MARTA's

Emergency Preparedness Unit Coordinator, Marta

Cybersecurity Department, and MARTA Executive Police Officer K. Scott Kreher, Deputy Chief Willie Davenport, Deputy Chief Pearlie McKinzie, Lieutenant B. Chapman Director of the Personal Property and MARTA 1200 Security Cameras shared with APD's Video Intergration Center, and the FBI Division on Investigations at Ashby Station.

**Respondent(s).**

**CERTIFICATE OF SERVICE**

This certifies that I the Plaintiff, CORTEZ D. WILSON aka Salinas Falun Smith has served the Defendant(s) a NOTICE OF DISCOVERY AFFIDAVIT by U.S. MAIL and mailing to their address:

**French Montana et al., Evil Empire Records et al.,**

**and Epic Records dba Coke Boys Music,**

**Karim Kharbouch et al., BMG Rights Management, LLC et al.,**

**233 Peachtree St NE**

**Atlanta, Georgia 30303**

Nov. 8, 2024

/s/ C. Wilson

CORTEZ D. WILSON