**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| TARA LEWANNA ABDULLAH,<br>Plaintiff,<br>v.<br>PENNYMAC LOAN SERVICES, LLC,<br>Defendant. | Civil Action No.<br>1:24-cv-03627-SDG |

# ORDER

On August 16, 2024, Defendant PennyMac Loan Services, LLC removed this action from the Superior Court of Fulton County, Georgia.[1] Since that time, Plaintiff Tara Lewanna Abdullah has filed numerous "motions to dismiss."[2] Given Abdullah's pro se status, the magistrate judge interpreted those filings as seeking remand.[3] While some of Abdullah's filings do oppose removal,[4] several of the motions clearly request dismissal of this action pursuant to Fed. R. Civ. P. 41(a).[5]

Rule 41 provides that a plaintiff may voluntarily dismiss an action without a court order by filing a notice of dismiss before the defendant serves an answer or files a summary judgment motion. Fed. R. Civ. P. 41(a)(1)(A)(i). This provision

---

1 ECF 1.

2 *See, e.g.*, ECFs 10, 17, 18, 22.

3 ECF 24, at 10–11.

4 *See, e.g.*, ECFs 10, 18.

5 ECFs 17, 18, 22.

gives a plaintiff the unconditional right to dismiss her complaint even if the merits of the case have been presented to the court. *Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990) (per curiam); *Williams v. Ezell*, 531 F.2d 1261, 1263 (5th Cir. 1976).[6] Proper notices of dismissal under Rule 41(a) are effective immediately upon filing. *Matthews*, 902 F.2d at 880; *Williams*, 531 F.2d at 1263–64.

Here, PennyMac has neither filed an answer nor moved for summary judgment. That Abdullah styled her filings as motions rather than notices is of no import. The Court does not have the discretion to deny her right to dismiss this case. *Matthews*, 902 F.2d at 880; *Williams*, 531 F.2d at 1263–64. The Court must therefore decline to adopt the recommendation in the magistrate judge's report and recommendation (R&R) that Abdullah's motions to dismiss be denied.[7] Instead, the Court construes Abdullah's earliest filing seeking dismissal pursuant to Fed. R. Civ. P. 41(a) [ECF 17] as a voluntary notice of dismissal.

---

6 The Eleventh Circuit has adopted as binding precedent all decisions handed down by the former Fifth Circuit prior to October 1, 1981. *Bonner v. City of Pritchard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).

7 ECF 24.

The Clerk is thus **DIRECTED** to **DISMISS** this case **WITHOUT PREJUDICE**. The R&R is **DECLINED as moot** and all other pending motions are **DENIED as moot**.[8] The Clerk is further **DIRECTED** to close this case.

**SO ORDERED** this 2nd day of January, 2025.

Steven D. Grimberg
United States District Judge

[8] ECFs 2, 3, 4, 5, 9, 10, 14, 16, 18, 22, 32, 34, 35.